UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

TERRANCE STINSON,

    Movant,

-vs-

UNITED STATES OF AMERICA,

    Respondent.

DECISION AND ORDER
Civil Case
No. 6:16-cv-06323-MAT

Criminal Case
No. 6:01-cr-06087-MAT

---

Movant Terrance Stinson ("Stinson"), through counsel, has filed a Supplemental Motion to Vacate Under 28 U.S.C. § 2255 ("§ 2255") and Request for Expedited Resentencing ("Supplemental § 2255 Motion") (Docket No. 580), in regard to his original Motion to Vacate the Judgment and Correct the Sentence Under § 2255 ("§ 2255 Motion") (Docket No. 557) based on Johnson v. United States, 135 S. Ct. 2551 (2015). In the Supplemental § 2255 Motion, Stinson contends that his conviction under 18 U.S.C. § 924(c) (Count 5) must be vacated in light of the Supreme Court's recent decision in United States v. Davis, 139 S. Ct. 2319, 2336 (2019).

On August 26, 2003, Stinson was convicted of, inter

-1-

alia,[1] one count of violating 18 U.S.C. § 924(c) for carrying a firearm in furtherance of a "crime of violence." Specifically, Count 5 charged Stinson with carrying a firearm in furtherance of conspiracy to affect commerce by robbery, in violation of 18 U.S.C. § 1951, the Hobbs Act.

In Davis, the Supreme Court struck the residual clause of 18 U.S.C. § 924(c) as "unconstitutionally vague." 139 S. Ct. at 2336. In the absence of the now-stricken residual clause, for an offense to qualify as a "crime of violence," it must fit into 18 U.S.C. § 924(c)'s force clause, meaning it must have "as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). However, the "United States Solicitor General has conceded that conspiracy to commit Hobbs Act robbery does not meet the requirements of the force clause: 'A Hobbs Act conspiracy need not []

---

[1] Stinson was also convicted of conspiracy to possess with the intent to distribute and to distribute 50 grams or more of cocaine base (Count 1); unlawfully carrying a firearm in furtherance of a drug trafficking crime (Count 2); and conspiracy to commit Hobbs Act robbery (Count 4). See Judgment (Docket No. 302).

lead to the commission of the planned robbery, and thus such a conspiracy does not "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person or property of another," so as to qualify as a "crime of violence" under 18 U.S.C. 924(c)(3)(A).'" Docket No. 580, p. 3 (quoting <u>United States v. Davis</u>, Brief for the United States, 2019 WL 629976, at *50 (citation omitted in original; brackets in original); other citations omitted). Post-<u>Davis</u>, Stinson argues, conspiracy to commit Hobbs Act robbery cannot qualify as a "crime of violence" under the residual clause. Docket No. 580, p. 3. In addition, because this offense does not contain a necessary element of violent physical force, it also fails to qualify as a "crime of violence" under the statute's force clause. <u>Id.</u> Therefore, Stinson, argues, the "crime of violence" element of the 18 U.S.C. § 924(c) conviction cannot be satisfied and Stinson's conviction must be vacated. <u>Id.</u>

The Government has filed a Response (Docket No. 583) indicating its agreement with Stinson that, in light of <u>Davis</u>, his conviction under 18 U.S.C. § 924(c) (Count 5)

must be vacated since the predicate offense is conspiracy to commit Hobbs Act robbery. The Government joins Stinson's request for a full resentencing hearing.

The Court agrees that Stinson's conviction and sentence on Count 5 violate Due Process and that he is entitled to relief under 28 U.S.C. § 2255(b) in the form of a resentencing hearing to be held as soon as practicable. Accordingly, the Court **grants** Stinson's Supplemental § 2255 Motion (Docket No. 580) and § 2255 Motion (Docket No. 557); **vacates** the judgment of conviction on Count 5; and remands the case for resentencing before the original sentencing judge, United States District Judge Charles J. Siragusa.

**SO ORDERED.**

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED: November 20, 2019
Rochester, New York